UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-cv-2009-WYD-PAC

RUSSELL L. MILLER,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on a review of the Commissioner's decision that denied Plaintiff's applications for disability insurance benefits under Title II of the Social Security Act. Plaintiff's application filed August 25, 2000 (Transcript ["Tr."] at 48-52) was denied on initial determination (*id.* at 39-40). Plaintiff then requested a hearing. After a hearing on April 2, 2002 (*id.* at 273-260), Administrative Law Judge ["ALJ"] Jon L. Lawritson issued an unfavorable decision on August 18, 2002, finding that Plaintiff was not disabled. *Id.* at 11-22.

In the decision, the ALJ found at steps two and three of the five-step sequential analysis required by law that Plaintiff has severe impairments that do not meet or equal the Listings; namely, "non-Hodgkin's lymphoma and sleep apnea." Tr. at 15, 17, 21. The ALJ also found that Plaintiff's complaints of low back pain, arthritis,

bursitis and right knee problems were not medically determinable impairments and/or were not severe. *Id.* at 15-16. Finally, he found that Plaintiff had only mild psychologically based symptoms and that he suffered no severe mental impairment. *Id.* at 16-17.

The ALJ then proceeded to evaluate Plaintiff's residual functional capacity ["RFC"]. *Id.* at 16-20. He found that Plaintiff "retains the residual functional capacity to lift more than twenty pounds with the option to sit and stand at will." *Id.* at 20. In making this determination, the ALJ found that Plaintiff's "statements concerning his impairments and their impact on this ability to work are not entirely credible in light of the claimant's own description of his activities and life style, discrepancies between the claimant's assertions and information contained in the documentary reports, the reports of the treating and examining practitioners and the findings made on examination." *Id.* at 18. He also rejected Plaintiff's testimony as to fatigue, trouble breathing and memory deficits, finding that they were not consistent with the record. *Id.* at 20.

At step four, the ALJ found that Plaintiff could not perform his past relevant work as a shipping and receiving clerk, stock supervisor, home health aide and driver. Tr. at 15, 20, 22. This finding was based on the fact that the past work required Plaintiff to lift more than twenty pounds and did not allow him to sit and stand at will. *Id.* at 20. The ALJ then proceeded to step five. He considered Plaintiff's age (53 years old at the time of the decision, constituting a person "closely approaching advanced age"

within the meaning of the regulations), education (college), vocational profile (no transferable skills), RFC, and the testimony of a vocational expert ["VE"]. Tr. at 20.

The VE testified that a hypothetical person with a RFC and vocational profile identical to that of Plaintiff was capable of making a vocational adjustment to work as a lot attendant with 16,000 jobs in the national economy and 200 in the regional economy, furniture rental consultant with 11,000 jobs in the national economy and 200 in the regional economy, a ticker seller with 50,000 jobs in the national economy and 450 in the regional economy, and an automobile self service attendant with 370,000 jobs in the national economy and 1200 in the regional economy. Tr. at 20-21. The ALJ concluded that the VE's testimony was credible, and that there were a significant number of jobs in the national economy which Plaintiff is capable of performing. *Id.* at 21. He thus found that Plaintiff is "not disabled". *Id.*

The Appeals Council declined review of the ALJ's determination (Tr. at 5-7), making the case final for judicial review. This Court has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g).

II.   ANALYSIS

   A.   Standard of Review

A Court's review of a finding that Plaintiff is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is

evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). It requires more than a scintilla of evidence but less than a preponderance of the evidence. *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although the court should carefully examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

    B.    <u>Analysis of Plaintiff's Arguments</u>

        1.    <u>Whether the ALJ Erred in Assessing Plaintiff's RFC and in the Weight Given to Plaintiff's Treating Physicians</u>

Plaintiff argues that the ALJ erred in his RFC assessment. Initially he asserts that the ALJ's conclusions regarding the opinions of his treating physician Dr. Tate are not supported by substantial evidence. Plaintiff also argues that the ALJ erred in presenting the RFC to the VE, in that both the RFC and the hypothetical question based on same did not relate with precision Plaintiff's impairments.[1] Finally, Plaintiff argues that the ALJ erred by finding that he could perform two occupations that were

---

[1] Impairments that were not in the RFC according to Plaintiff included the periods of time that the hypothetical person could sit, stand or walk, how much the person was expected to lift/carry, and whether there were any non-exertional restrictions or environmental concerns.

skilled, despite the fact that he found Plaintiff had no transferable skills.  Without those two occupations, only 650 jobs are left in the regional economy for Plaintiff to perform.  Plaintiff argues that this is not a significant number of jobs and/or that a remand is proper for the ALJ to determine whether this is a significant number in this case.

I first address whether the ALJ erred in rejecting the opinions of Plaintiff's treating physician Dr. Tate.  The ALJ noted the restrictions found by Dr. Tate, and found that "[t]he only clinical notes from Dr. Tate do not support these restrictions."  Tr. at 19.  He further stated:

> The claimant had entirely clear chest with regular tones and no murmur or gallop on examination . . . . Spirometry testing showed no significant abnormalities and Dr. Tate stated that, despite the claimant's continued smoking, he had no evidence of obstructive airway disease . . . . That was when Dr. Tate referred the claimant for evaluation of sleep apnea. . . . As Dr. Tate's records do not reveal clinical signs and findings of significance in his area of specialty, the undersigned does not credit his limitations.  Also, Dr. Tate had not seen the claimant for two years and cannot speak to his current functioning or his functioning at the time he offered these restrictions.

*Id*.

Turning to my analysis, an ALJ is "required to give controlling weight to a treating physician's opinion about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, and any physical or mental restrictions, if 'it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.'"

*Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) (quotation omitted); *see also* 20 C.F.R. § 404.1527(d)(2); Soc. Sec. Ruling 96-2p.  However, a treating physician's report can be rejected "if it is brief, conclusory and unsupported by medical evidence" or is "not supported by specific findings."  *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988).

"'When a treating [source's] opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other [sources'] reports "to see if they outweigh the treating [source's] report, not the other way around."  *Valdez v. Barnhart*, 62 Fed. Appx. 838, 2003 WL 366751 at *2 (10th Cir. 2003) (quoting *Goatcher v. United States Dep't of Health and Human Servs.*, 52 F.3d 288, 290 (10th Cir.1995)).  "The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled."  *Goatcher*, 52 F.3d at 290.

I find that the case must be remanded for further factfinding on this issue because the ALJ's reasons for rejecting the impairments noted by Dr Tate are not based on substantial evidence.  The ALJ's finding that Dr. Tate's opinions as to Plaintiff's impairments (Tr. at 160-163) are not supported by his own clinical notes is not accurate.  The notes indicate that Plaintiff complained of shortness of breath.  *Id.* at 158, 165.  Dr. Tate was sufficiently concerned about those complaints that he referred Plaintiff for a "formal split night sleep study", as he was suspicious of sleep apnea.  *Id.* at 165.  The sleep study resulted in a finding that Plaintiff had mild to moderate sleep apnea.  *Id.* at 166.  Dr. Tate relied on this finding in assessing

Plaintiff's impairments.  *Id*. at 162 (noting moderate sleep apnea as Plaintiff's diagnosis).  The fact that Dr. Tate may also have found that other tests conducted on Plaintiff were normal does not mean that his concerns about Plaintiff's shortness of breath must be rejected.  Indeed, the sleep study confirmed Dr. Tate's suspicion of sleep apnea.

I also find that the ALJ erred in rejecting Dr. Tate's opinion on the basis that his records did not reveal findings of significance in his area of specialty.  Dr. Tate's records indicate he is associated with North Denver Pulmonary & Critical Care.  If Dr. Tate has a specialty in pulmonary care, as it appears he does, it was not proper for the ALJ to determine that Dr. Tate was unqualified to render an opinion as to Plaintiff's shortness of breath and restrictions from sleep apnea that causes same.  Finally, the ALJ erred in rejecting Dr. Tate's findings on the basis that he had not seen Plaintiff for two years and could not speak to his current functioning.  Indeed, Dr. Tate had seen Plaintiff just four (4) months prior to his findings as to Plaintiff's restrictions.  The Commissioner concedes this point.

In conclusion as to Dr. Tate, the ALJ decided based on certain erroneous reasons that Dr. Tate's opinions were not dispositive and not entitled to controlling weight.  That decision was not based on substantial evidence but on erroneous conclusions by the ALJ. The Tenth Circuit is clear that "'[i]n choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the

basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation, or lay opinion.*'" *Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (emphasis in original) (quotation omitted).

Further, even if the ALJ had properly weighed Dr. Tate's opinions, the ALJ was still not entitled to reject his opinions or the opinions of the other treating physicians outright, as he appeared to do. *Id.* at 1120. Instead, the treating physicians' opinions were "'still entitled to deference and [should have been] weighed using all of the [relevant] factors.'" *Id.* (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)). The ALJ's opinion does not reflect that he gave these reports deference, or that the ALJ gave "any consideration of what lesser weight the opinion should be given or discussion of the relevant factors set out in [42 U.S.C.] § 404.1527."

As to the RFC assessment itself, the ALJ appeared to rely on the opinion of the state agency physician, Dr. Moreira, who found among other things that Plaintiff could lift and carry up to twenty pounds occasionally and ten pounds frequently. Tr. at 19. While this is generally consistent with light work, the ALJ did not specifically state that he relied on this finding in reaching his RFC assessment. In fact, the ALJ made no reference in the record to what evidence he relied on in making his RFC assessment. If he did rely on Dr. Moreira's findings, he erred since he did not include Dr. Moreira's finding that Plaintiff was limited in his ability to work around hazards and/or the other work impairments noted by her. *Id.* Further, while the ALJ found that Plaintiff needed the option to sit and stand at will, this was not a finding made by Dr. Moreira. The

-8-

Court is improperly left to speculate as to how the RFC was reached.

Further, the RFC was inadequate in that it did not state specific and detailed findings as to Plaintiff's exertional and nonexertional impairments (including fatigue and trouble breathing), and did not adequately consider the impact of impairments that the ALJ found were not severe.  *See Spicer v. Barnhart*, 64 Fed. Appx. 173, 175-76 (10th Cir. 2003) ("[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe', and the "assessment must include a narrative discussion describing how the evidence supports each conclusion . . . . ") (quotation omitted).  A simple statement that Plaintiff can perform "light work" with the option to sit and stand at will does not adequately address what Plaintiff's abilities and/or impairments are in the work place.

In conclusion, I find that this case must be reversed and remanded for a proper weighing of all the medical evidence and a proper assessment of Plaintiff's RFC.

### 2.  Whether the ALJ Erred in Connection with His Finding that a Substantial Number of Jobs Exist that Plaintiff Can Perform

Finally, although I acknowledge that the remand as to Plaintiff's RFC may well result in a new evaluation at step five, I note that the ALJ also erred at the step five evaluation in this case.  The ALJ relied on the VE's testimony that Plaintiff could perform two jobs (lot attendant and automobile self service attendant) that are characterized in the Dictionary of Occupational Titles as being semi-skilled; however,

he found that Plaintiff has no transferable skills. Without such skills, Plaintiff is unable to perform those jobs. That left only 650 jobs in the regional economy that Plaintiff could perform, which includes the jobs of furniture rental consultant and ticket seller. A remand is also appropriate on this ground since the ALJ must determine whether this number of jobs is significant within the context of this case. *See Chavez v. Barnhart*, No. 03-2298, 2005 WL 256532 at *1 (10th Cir. 2005).

III.   CONCLUSION

Based upon the errors described above, I find that this case must be reversed and remanded for further fact finding consistent with this Order.

Accordingly, it is

ORDERED that this case is **REVERSED AND REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g) to make further findings consistent with this Order.

Dated September 20, 2005

                                              BY THE COURT:

                                              s/ Wiley Y. Daniel
                                              Wiley Y. Daniel
                                              U. S. District Judge