UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-cv-02009-WYD-PAC

RUSSELL L. MILLER,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on the Opposed Application for Attorney's Fees Under the Equal Access to Justice Act ["EAJA"] filed November 21, 2005.  The motion seeks an award of attorney's fees to Plaintiff as a result of a Judgment issued in favor of Plaintiff on September 21, 2005.  The Judgment was entered after the Court issued an Order on September 20, 2005, which reversed the Commissioner's decision denying Plaintiff disability insurance benefits and remanded the case to the Commissioner.  Plaintiff seeks an award of fees in the amount of $2,156.25, supported by an Affidavit of counsel attaching itemized statements of the time spent by counsel on the case and an Affidavit demonstrating the reasonableness of the fees.

In a response filed December 5, 2005, the Commissioner opposes an award of fees, arguing that the Agency's position in this case was substantially justified.  A reply was filed by Plaintiff on December 9, 2005.  For the reasons stated below, Plaintiff's Application for Attorney's Fees Under the EAJA is granted.

The EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden of establishing that the Government's position was substantially justified rests with the Government. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995), *cert. denied*, 516 U.S. 806 (1995). "Substantially justified" has been defined by the Supreme Court as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Thus, the Government's position must have had a reasonable basis in both law and fact. *Id.* The term "position" includes the Government's arguments both at the underlying agency stage and during any subsequent litigation. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

The Tenth Circuit has held that the government must establish the existence of three elements to meet the reasonableness test: (1) a reasonable basis for the facts asserted; (2) a reasonable basis in law for the legal theory proposed; and (3) support for the legal theory by the facts alleged. *Harris v. Railroad Retirement Bd.*, 990 F.2d 519, 520-21 (10th Cir. 1993); *see also Pettyjohn v. Chater*, 888 F. Supp. 1065, 1067 (D. Colo. 1995). The government's position does not need to be "'justified to a high degree,' but rather 'justified in substance or in the main.'" *Pierce*, 487 U.S. at 565. The government's position must be "more than 'merely undeserving of sanctions for frivolousness.'" *Id.* at 566. However, a "position can be justified even though it is not

correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct. . . . " *Id.* at 566 n. 2.

In the case at hand, the Commissioner argues that it was reasonable for the ALJ to find that Plaintiff was not disabled because he retained the residual functional capacity to perform a range of light work that existed in significant numbers in the national economy.  In that regard, the Commissioner argues that it was reasonable for the ALJ to discount the opinion of treating physician Dr. Tate, who had only seen Plaintiff twice, and to rely on a consultative examiner, Dr. Moreira, who examined Plaintiff and reviewed his medical records.  The Commissioner also asserts that it was reasonable for it to defend the ALJ's decision in court, as the issues "were close, and reasonable arguments could be made both in support of the administrative decision and in support of Plaintiff's decision."  Def.s' Resp. to Pl.'s Application for Attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), at 5.

I reject the Commissioner's argument, and find that fees should be awarded. The issue is not as simple as the Commissioner argues.  If the only problem with the ALJ's decision was that greater weight was improperly given to Dr. Moreira's opinion, as compared to Dr. Tate's opinion, the argument may have merit.  However, I found that the ALJ did not properly consider all of Plaintiff's impairments in connection with the RFC, and that the basis upon which the RFC was formulated was not provided. *See* Order of September 20, 2005, at 8-9.  Thus, it was unknown as to which medical opinions, including those of Dr. Moreira, were actually relied on by the ALJ.  *Id.* Further, if the ALJ was relying on Dr. Moreira's opinions, the ALJ did not include all of

the limitations she expressed, and included limitations that she did not address. Finally, I found that the ALJ improperly evaluated Dr. Tate's opinions. *Id.* at 6-8.

Based on the foregoing, I find that there was not a reasonable basis for the facts asserted, nor support for the legal theory argued by the Commissioner in connection with the facts alleged. I further find that a reasonable person would not find that the position of the Government was justified. Accordingly, I grant Plaintiff's Application for fees, finding that the fees sought by Plaintiff' counsel, as well as the rate of such fees, are reasonable.

It is therefore

ORDERED that Plaintiff's Opposed Application for Attorney's Fees Under the Equal Access to Justice Act filed November 21, 2005, is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of $2,156.25.

Dated: January 10, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge